___

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

___

IN RE:
GEORGE J. KENNEY, JR.,

DEBTOR                                                                                                    Case No. 17-26304
                                                                                                                    Chapter 13

___

GEORGE J. KENNEY, JR.                                                                        PLAINTIFF

VS.                                                                                                             AP NO: 18-00186

BAYVIEW LOAN SERVICING and
WEOFFER, LLC                                                                                      DEFENDANTS

___

**MEMORANDUM OF LAW IN SUPPORT OF BAYVIEW'S**
**MOTION TO DISMISS COMPLAINT**

___

Defendant Bayview Loan Servicing, LLC ("Bayview"), by and through undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss Complaint (the "Motion").[1]

**PROCEDURAL/FACTUAL BACKGROUND**

1. On July 19, 2017, Plaintiff George J. Kenney, Jr. ("Plaintiff") filed a Voluntary Petition (the "Chapter 13 Case") under Chapter 13 title 11 of the United States Code (the "Bankruptcy Code"). (Dkt. Entry # 1; Adv. Dkt. Entry # 1, ¶ 2).

2. As per the schedules attached to Plaintiff's Chapter 13 petition, Bayview held a debt secured by a mortgage (the "Mortgage") on the real property at 948 Western Park Drive, Memphis, TN 38109 (the "Property"). (Dkt. Entry # 1, at 17).

___

[1] References to pleadings in Case Number 17-26304 (Bankr. W.D. of Tenn.) and Adversary Proceeding Number 18-00186 (Bankr. W.D. of Tenn.) are referenced to as "Dkt. Entry #" or "Adv. Dkt. Entry #" on the CM/ECF System of the Bankruptcy Court Docket for the Western District of Tennessee. Said references are submitted for convenience and reference herein.

1

3. On October 11, 2017, the Court entered an order dismissing the Chapter 13 Case due to the Plaintiff's failure to make plan payments. (Dkt. Entry # 22; Adv. Dkt. Entry # 1, ¶ 3).

4. Following the dismissal of the Chapter 13 Case, Bayview foreclosed on the Mortgage on December 21, 2017. (Adv. Dkt. Entry # 1, ¶ 7). The high bidder at foreclosure was Co-Defendant WeOffer, LLC ("WeOffer"), and the Property was transferred to WeOffer pursuant to a Substitute Trustee's Deed dated January 3, 2018. A true and correct copy of the Substitute Trustee's Deed, of record in the Office of the Register of Deeds for Shelby County, Tennessee as Instrument Number 18004920, is attached hereto as Exhibit 1.[2]

5. On January 24, 2018, after the foreclosure had occurred, the Court entered an order reinstating the Chapter 13 Case. (Dkt. Entry # 29; Adv. Dkt. Entry # 1, ¶ 9).

6. Plaintiff did not take any action challenging the foreclosure until filing a motion to set aside the foreclosure on June 7, 2018, over four months after the sale to WeOffer. (Dkt. Entry # 42).

7. On August 27, 2018, the Court entered another order dismissing the Chapter 13 Case, again due to the Plaintiff's failure to make plan payments. (Dkt. Entry # 48, 53).

8. As of the filing of this Motion, the Chapter 13 Case remains dismissed.

---

[2] Of course, in the adjudication of the instant Motion to Dismiss, this Court may take judicial notice of material undisputed facts of record in the Plaintiff's case file. *See* Fed. R. Evid. 201. Bayview respectfully asserts that all pleadings, claims, and loan documents referenced herein are subject to judicial notice pursuant to Federal Rule of Evidence 201(b), (d). This Court may take judicial notice of all documents and orders filed in the bankruptcy case and adversary proceeding as reflected on the docket sheets for these proceedings and the same are appropriate for consideration in addressing this key dispositive motion. *See, e.g.*, *In re Richardson*, 283 B.R. 783 (Bankr. D. Kan. 2007) (in a Chapter 13 case involving payments made to a creditor, the bankruptcy court took judicial notice of the trustee's records in the file); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994) (holding that, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record"); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991) (similar); *Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir.2001) (taking judicial notice of SEC filings in deciding a Rule 12(b)(6) motion to dismiss); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir.1999) (same); *United States v. Doyle*, 121 F.3d 1078, 1088 (7th Cir.1997) (taking judicial notice of district court's docket sheet).

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a cause of action may be dismissed if it fails to state a clam upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Under the standard announced by Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a party is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citation omitted).  Instead, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  This requires more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Id*.  As stated by the Supreme Court in *Iqbal*, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of further factual enhancement."  *Id*. (quoting *Twombly*, 550 U.S. at 570).

To survive a Rule 12(b)(6) motion, a complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief.  *Iqbal*, 129 S. Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In determining whether a plaintiff has alleged sufficient plausibility, a court must first disregard allegations that are mere legal conclusions and then determine if sufficient facts have been alleged to create a plausible claim.  *Id*. at 1950.  If such facts have not been alleged, the complaint must be dismissed.  *Id*.

3

# ARGUMENT

Plaintiff's Complaint must be dismissed in its entirety. First, Plaintiff has not alleged any facts supporting a judgment setting aside the foreclosure. Second, the adversary proceeding should be dismissed in light of the recent dismissal of the underlying Chapter 13 Case.

**A.    Plaintiff has not alleged any facts that support a judgment setting aside the foreclosure.**

Plaintiff's Complaint must be dismissed because it fails to establish any grounds for setting aside the foreclosure. Indeed, the Complaint affirmatively demonstrates that the foreclosure did not violate the bankruptcy stay, and it does not allege a single fact establishing that the foreclosure was otherwise deficient or wrongful under Tennessee law.

First, both the Complaint and the record of the Chapter 13 Case establish that the foreclosure did not violate the bankruptcy stay. The sale occurred on December 21, 2017, after the Chapter 13 Case's dismissal on October 11, 2017 but before its reinstatement on January 24, 2018. (Adv. Dkt. Entry # 1, ¶¶ 3, 7, 9). Once a dismissal order is entered and the bankruptcy is dismissed, the bankruptcy estate is dissolved and the protections of the automatic stay cease. *In re Webb Mtn, LLC*, 414 B.R. 308, 343 (Bankr. E.D. Tenn. 2009). The parties are returned to "the same position they would have been in had the Chapter 13 case never been filed" and a creditor is again permitted to foreclose. *In re Dandridge*, 221 B.R. 741, 745-746 (Bankr. W.D. Tenn. 1998). Further,

> The decisional law is clear that when a case is dismissed, the stay is terminated, and if the case is reinstated, the stay is not retroactively reimposed (except in limited circumstances not present here), and actions taken by creditors during such a dismissal are and remain valid. A contrary result would have highly disruptive and unintended consequences, creating uncertainty among creditors who innocently seek to enforce their rights after a dismissal order is entered.

*In re Moore*, No. 95-57258 NVA, 2006 WL 4468609, at *8 (Bankr. D. Md. Dec. 29, 2006).

4

Thus, because the Chapter 13 Case was dismissed prior to the sale, and the subsequent, post-foreclosure reinstatement of the case appears to be the sole basis for the Plaintiff's claim, it follows that the Complaint fails to state a claim upon which relief may be granted.

Second, Plaintiff does not, and cannot, challenge his default under the Mortgage, nor does he allege that the foreclosure sale failed to comply with Tennessee law or offer any other basis that would support rescission of the sale. "If a foreclosure sale is legally held, conducted and consummated, there must be some evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price, for a court of equity to set aside the sale." *Holt v. Citizens Central Bank*, 688 S.W.2d 414, 416 (Tenn. 1984). In the absence of any such allegation, Plaintiff's Complaint fails to state a claim for a foreclosure rescission.

**B.    The adversary proceeding should be dismissed due to the dismissal of the underlying Chapter 13 Case.**

The Court entered an order dismissing the underlying Chapter 13 Case on August 27, 2018 due to Plaintiff's failure to make plan payments. (Dkt. Entry # 48, 53). Although a bankruptcy court may retain jurisdiction of an adversary proceeding following the dismissal of the underlying bankruptcy, "in general, related adversary proceedings should be dismissed following the dismissal of the bankruptcy case absent unusual circumstances." *In re Blasingame*, 472 B.R. 754, 760 (Bankr. W.D. Tenn. 2012) (*citing In re Porges*, 44 F.3d 159 (2d Cir. 1995); *In re Morris*, 950 F.2d 1531 (11th Cir. 1992); *Peabody Landscape Constr., Inc. v. Schottenstein*, 371 B.R. 276 (S.D. Ohio 2007); *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522 (Bankr. E.D. Ark. 1996); *In re Pocklington*, 21 B.R. 199 (Bankr. S.D. Cal. 1982)).

In the present case, there are no unusual circumstances that would support the Court retaining jurisdiction of the adversary proceeding. Rather, the circumstances support dismissal.

5

Retaining jurisdiction would result in a counterproductive waste of time and resources, given that the Plaintiff remains in default on the mortgage and is no longer making plan payments to the trustee. Thus, even if the Plaintiff were to successfully obtain a judgment setting aside the foreclosure, which he cannot, the loan would immediately go back into foreclosure. Thus, dismissal of the adversary proceeding in light of the dismissal of the Chapter 13 Case is appropriate.

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to state any claim upon which relief may be granted. Therefore, Bayview respectfully requests that the Court issue an order dismissing the Complaint with prejudice.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
A Professional Corporation

By: /s/ Jay A. Ebelhar
Jay A. Ebelhar (22770)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.577.8204
Fax: 901.577.0867
Email: jebelhar@bakerdonelson.com

*Attorney for Bayview Loan Servicing, LLC*

6

4818-3688-8689 v1
2790638-000052

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September 2018, the foregoing document has been served by electronic means via the Court's electronic filing system, unless otherwise indicated below:

| | |
|---|---|
| Brian W. Lynn<br>P.O. Box 111064<br>Memphis, TN 38111-1064<br>Telephone: 901.791.1485<br><br>COUNSEL FOR PLAINTIFF | Sylvia Ford Brown<br>Trustee<br>200 Jefferson Avenue, Ste. 1113<br>Memphis, TN 38103 |
| WEOFFER LLC<br>6000 Poplar Ave., Suite 250<br>Memphis, TN 38119 | |

/s/ Jay A. Ebelhar

4818-3688-8689 v1
2790638-000052